# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE: 3:11cv403-RJC

| | |
|---|---|
| RONALD DEMOND BOYKIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| P. BONEY, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court upon initial review of Plaintiff's *pro se* Complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1).

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by federal law by a person acting under color of state law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thibotout, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a § 1983 claim). Title 28 U.S.C. § 1915A directs the Court to conduct an initial review of civil actions by prisoners seeking relief from a governmental entity or employee and identify cognizable claims or dismiss the complaint, or parts thereof.

In his Complaint, Plaintiff alleges, among other things, that on August 5, 2011, he was tripped by one defendant and that excessive use of force was used against him by another defendant. (Doc. No. 1 at 4 ¶ VI). Although he filed a grievance against the defendants, it was returned because a previously filed grievance had not completed Step 2 of the North Carolina

Department of Correction ("DOC") administrative process. (Id. at 11). Plaintiff does not indicate whether he refiled his grievance at the appropriate time, but he acknowledges that he did not appeal any grievance relevant to the August 5, 2011 incidents to the highest level possible in the administrative process before filing the instant Complaint. (Id. at 2 ¶ IIIB3).

The Prison Litigation Reform Act ("PLRA") requires an inmate to exhaust any "available" administrative remedies before pursuing a § 1983 action in federal court. 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes[.]" Porter v. Nussle, 534 U.S. 516, 532 (2002). The exhaustion requirement is mandatory, and courts lack the authority to waive that requirement. Id. at 524. "[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008) (citations omitted). However, "a prisoner does not exhaust all available remedies simply by failing to follow the required steps so that remedies that once were available to him no longer are." Id. (citation omitted). Instead, "a prisoner must have utilized all available remedies in accordance with the applicable procedural rules, so that prison officials have been given an opportunity to address the claims administratively." Id. (internal quote and citation omitted).

The North Carolina DOC provides a three-step administrative remedy procedure for prisoner complaints ("ARP"). Step 1 of the procedure allows for the filing of grievances on a "Form DC-410." (NC DOC ARP at § .0304(a)). Under the rules, the inmate must receive a formal written response to his grievance. (Id. at § .0307(f)(1)). Step 2 allows the inmate to appeal the response to his grievance internally. (Id. at § .0307(f)(2)). Step 3 allows the inmate a final appeal to the Secretary of the Department of Correction. (Id. at § .0307(f)(3)-(4)). As is

relevant here, the rules prohibit an inmate from submitting a new grievance before all previously filed grievances have completed Step 2 or been resolved. (Id. at § .0304(b)).

It is apparent from initial review of the Complaint that Plaintiff failed to exhaust his administrative remedies before filing this action in federal district court. Moore, 517 F.3d at 725. Therefore, his Complaint will be dismissed without prejudice to his filing another § 1983 Complaint after exhausting his administrative remedies.

**IT IS, THEREFORE, ORDERED** that Plaintiff's § 1983 Complaint (Doc. No. 1) is **DISMISSED** without prejudice for failure to exhaust his administrative remedies. 42 U.S.C. § 1997e(a).

Signed: August 30, 2011

Robert J. Conrad, Jr.
Chief United States District Judge